**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shepherd v. Gall*, Slip Opinion No. 2026-Ohio-2690.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2690

THE STATE EX REL. SHEPHERD, APPELLANT, *v.* GALL, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shepherd v. Gall*, Slip Opinion No. 2026-Ohio-2690.]**

*Mandamus—Appellant failed to establish either a clear legal right to the requested relief or a clear legal duty on part of appellee to provide the requested relief—Appellant possessed an adequate remedy in ordinary course of law—Court of appeals' dismissal affirmed.*

(No. 2025-1647—Submitted May 19, 2026—Decided July 16, 2026.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 115826, 2025-Ohio-5416.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, DaJohn Shepherd, filed a petition for a writ of mandamus in the Eighth District Court of Appeals, seeking an order compelling appellee, Judge Steven Gall of the Cuyahoga County Court of Common Pleas, to correct the sentencing entry issued in Shepherd's criminal case in 2018. The Eighth District sua sponte dismissed Shepherd's mandamus petition, concluding that Shepherd could not establish either a clear legal duty on the part of Judge Gall to provide the requested relief or the lack of an adequate remedy in the ordinary course of the law. 2025-Ohio-5416, ¶ 4-7 (8th Dist.). Shepherd now appeals.

**{¶ 2}** Because the Eighth District correctly concluded that Shepherd's mandamus claim was obviously without merit, we affirm its judgment of dismissal.

## FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Since we are reviewing the court of appeals' judgment dismissing sua sponte Shepherd's request for a writ of mandamus, we accept as true the facts alleged in Shepherd's petition. *See State ex rel. Ellis v. Adult Parole Auth.*, 2025-Ohio-1625, ¶ 3. Shepherd pleaded guilty to multiple felony charges in or around June 2018 and was sentenced by Judge Gall to an aggregate term of 12 years in prison. The June 19, 2018 entry journalizing that sentence did not include a notification regarding Shepherd's appellate rights. Shepherd later moved the trial court to revise the 2018 sentencing entry, but Judge Gall denied the motion.

**{¶ 4}** On November 17, 2025, Shepherd filed this mandamus action in the Eighth District, seeking a writ of mandamus compelling Judge Gall to correct the 2018 sentencing entry to include a notification of appellate rights. The Eighth District sua sponte dismissed Shepherd's petition, concluding that (1) Shepherd could not establish that Judge Gall had a clear legal duty to provide the relief sought and (2) Shepherd had possessed an adequate remedy in the ordinary course of the law. 2025-Ohio-5416 at ¶ 4-6 (8th Dist.).

**{¶ 5}** Shepherd now appeals as of right.

**ANALYSIS**

**{¶ 6}** "Although *sua sponte* dismissal of a complaint without notice is generally inappropriate, it is warranted if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Jones v. Garfield Hts. Mun. Court*, 1997-Ohio-256, ¶ 6. Consequently, we must determine whether Shepherd's claim is frivolous or obviously without merit. *See State ex rel. Thompson v. Gonzalez*, 2024-Ohio-897, ¶ 9. To be entitled to a writ of mandamus, Shepherd must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Gall to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex. rel. Husted v. Brunner*, 2009-Ohio-4805, ¶ 11.

**{¶ 7}** Shepherd's sole proposition of law is that a court of appeals errs when it sua sponte dismisses a mandamus petition that "states a viable claim in mandamus." This formulation, however, assumes the disputed premise: that Shepherd's petition "state[d] a viable claim in mandamus." Because it obviously did not, we affirm the Eighth District's judgment of dismissal.

**{¶ 8}** First, Shepherd's petition does not identify either a clear legal right to receive a corrected sentencing entry or a clear legal duty on Judge Gall's part to provide such a corrected entry. Shepherd asserts that Crim.R. 32(B) requires that a sentencing entry incorporate a notice of the defendant's appellate rights. However, Crim.R. 32(B) requires only that the trial court "*advise* the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." (Emphasis added.) Crim.R. 32(B)(2); *see also State ex rel. Locke v. Friedland*, 2018-Ohio-180, ¶ 8 (8th Dist.) ("no duty exists under Crim.R. 32 to state in a resentencing journal entry that the defendant was advised of his right to appeal"); *State ex rel. Wright v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-2159, ¶ 2 (8th Dist.) ("[The relator] does not provide . . . any controlling legal authority requiring a sentencing court to state in the sentencing entry that the trial

court informed a criminal defendant of the right to appeal."). Shepherd does not allege that Judge Gall failed to advise him at sentencing of his right to appeal; he alleges only that the notification was not included in the sentencing entry itself. Because Crim.R. 32(B) does not require that a notification of appellate rights be included in the sentencing entry itself, Shepherd failed to identify either a clear legal right to an entry including that notification or Judge Gall's clear legal duty to provide such an entry.

{¶ 9} Further, mandamus is available only when the relator lacks an adequate remedy in the ordinary course of the law. *Husted*, 2009-Ohio-4805, at ¶ 11. "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 2015-Ohio-2068, ¶ 8. Shepherd appears to believe that Judge's Gall's failure to include in the 2018 sentencing entry a notification of Shepherd's appellate rights rendered the entry a nonfinal order from which Shepherd could not appeal. But he is mistaken. To constitute a final, appealable order, an entry must set forth "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus; *see also* Crim.R. 32(C). Shepherd does not allege that the entry at issue lacked any of these elements. Thus, Shepherd could have directly appealed the 2018 entry and, as part of that appeal, could have asked that the sentencing entry be modified to include the allegedly absent notice. Shepherd therefore possessed an adequate remedy in the ordinary course of the law, which further precludes the issuance of the writ of mandamus he seeks. *See Shoop* at ¶ 8.

## CONCLUSION

{¶ 10} Because the Eighth District Court of Appeals correctly concluded that Shepherd's claim for a writ of mandamus was obviously without merit, it did

4

not err in sua sponte dismissing Shepherd's petition.  We therefore affirm the court of appeals' judgment of dismissal.

Judgment affirmed.

_____

DaJohn D. Shepherd, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Timms, Assistant Prosecuting Attorney, for appellee.

_____